UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. D. B., a minor, by his mother <br> SHAWANNA L. BURNETT, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting <br> Commissioner of the Social Security <br> Administration, <br><br> Defendant. | 1:13-cv-00692-RLY-TAB |

**ENTRY ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, A. D. B., a minor, by his mother, Shawanna Burnett, appeals the Administrative Law Judge's decision denying his application for social security disability benefits. Pursuant to 28 U.S.C. § 636, the court referred the matter to the Magistrate Judge (Filing No. 30), who submitted his report and recommendation on August 6, 2014. (Filing No. 34). The Commissioner objects to the Magistrate Judge's report and recommendation. (Filing No. 35). Plaintiff did not respond to the Commissioner's objections. For the reasons set forth below, the court **ADOPTS in part and REJECTS in part** the Magistrate Judge's report and recommendation.

I. Background

A. D. B. is 8 years old. On August 13, 2010, his mother filed an application for Social Security Supplemental Income disability benefits on his behalf. His application

1

was denied initially and on reconsideration. An Administrate Law Judge ("ALJ") held a hearing and, on February 1, 2012, denied his application again. The Appeals Council denied the application for review on March 19, 2013. A. D. B. now appeals to this court.

The ALJ found that A. D. B. has the following severe impairments: asthma, obstructive sleep apnea, speech delay, borderline intellectual functioning, and disruptive behavior disorder. (Filing No. 13-2, at ECF p. 20). Additionally, the ALJ concluded that A. D. B. does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.

## II. Standards

### A. Review of Magistrate Judge's Report and Recommendation

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the magistrate judge's decision as to those issues is supported by substantial evidence or was the result of an error of law. FED. R. CIV. PRO. 72(b). The district court "'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding;" the court may, however, defer to and adopt those conclusions where a party did not timely object. *Sweet v. Colvin*, No. 1:12-cv-00439-SEB-TAB, 2013 WL 5487358, * 1 (S.D. Ind. Sept. 30, 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009)).

### B. Review of the ALJ's Decision

In reviewing the Commissioner's factual findings, courts are deferential; if her findings are supported by substantial evidence, then courts must affirm. *See Skarbek v.*

2

*Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *see also* 42 U.S.C. § 405(g). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). In other words, substantial evidence is more than a scintilla, but less than a preponderance of the evidence. *See Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). The ALJ is obligated "to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). An ALJ is not required to discuss every piece of evidence, but if the decision lacks an adequate discussion of the issues, the court will remand it. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). An adequate discussion ensures that the ALJ built a logical bridge from the evidence to his conclusion. *Denton*, 5996 F.3d at 425.

**III. Discussion**

The Magistrate Judge found that the ALJ erred by (1) failing to discuss significant evidence that favored finding a disability under listing 103.03(C) (asthma); (2) failing to discuss or mention listing 112.08 (personality disorders); and (3) failing to explain why he rejected the opinion of one of A. D. B.'s teachers that A. D. B. had extreme and marked limitations. The Commissioner objects to each of the three reasons. The court will consider each in turn.

A.  Listing 103.03(C) - Asthma

The Magistrate Judge determined that the ALJ erred in evaluating whether A. D. B. met listing 103.03(C) for asthma by concluding that "there is no indication that the claimant has had persistent wheezing with acute attacks." (Filing No. 13-2, at ECF p. 21). According to A. D. B. and the Magistrate Judge, the ALJ failed to mention four medical documents that allegedly contradict this conclusion. (Filing No. 13-9, at ECF p. 8-9, 15, 19). Additionally, the ALJ failed to mention the short course steroid treatment Dr. Zwick prescribed. (*Id.*). Further, the ALJ relied on A. D. B.'s mother's testimony that her son had not visited the doctor or emergency room for an asthma attack; however, evidence in the record, not mentioned by the ALJ, shows that on March 8, 2008, A. D. B. visited the St. Vincent Hospital's emergency room for wheezing and sobbing. (Filing No. 13-7, at ECF p. 32). Because the ALJ "cherry-picked facts" that supported the finding of no disability, the Magistrate Judge recommended remanding on this issue. (Filing No. 34, at ECF p. 4) (citing *Denton*, 596 F.3d at 425).

The Commissioner objects to this conclusion alleging that the Plaintiff did not prove that his impairments met the criteria for listing 103.03(C). Thus, the Commissioner alleges that the Plaintiff waived this argument. Additionally, the Commissioner alleges that the ALJ properly concluded that there was no evidence "that the claimant has had persistent wheezing with acute attacks," because the record does not contain evidence meeting the definition of asthma attacks.[1]

---

[1] Asthma attacks are defined as "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or

4

An ALJ is required to build a logical bridge from the evidence to his conclusion. *See Denton*, 596 F.3d at 425. "An ALJ may not selectively consider medical reports, especially those of treating physicians, but must consider 'all relevant evidence.'" *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). The documents disregarded by the ALJ include evidence of an emergency room visit and three Orapred treatments by Dr. Zwick. The records show persistent wheezing and the use of several medicines, which a quick Google search reveal some as bronchodilators.[2] By disregarding this evidence, the ALJ failed to consider all relevant evidence in determining if A. D. B. met the criteria for listing 103.03(C) (asthma). Therefore, the court agrees with the Magistrate Judge that remand is appropriate for the ALJ to fully consider the evidence before him in determining if A .D. B. meets the requirements for listing 103.03(C).

B. **Listing 112.08 - Personality Disorder**

A. D. B. also challenged the ALJ's alleged failure to discuss listing 112.08 (personality disorders). The Magistrate Judge, recommending remand, found "absent naming the listing or an explanation of the listing's elements, the Court cannot determine whether the ALJ supported his findings with substantial evidence." (Filing No. 34, at ECF p. 5). The Commissioner objects to this finding on two grounds: (1) the ALJ is not

---

prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.00(C).

[2] The court googled "examples of bronchodilators." The first result listed examples of bronchodilators to include Albuterol, Advair, and several others. Asthma Center, Bronchodilators and Asthma, WebMD (Sept. 26, 2014), http://www.webmd.com/asthma/guide/asthma_inhalers_bronchodilators.

5

required to explicitly refer to the relevant listing; and (2) Plaintiff's failure to identify the requirements of the listing constitute waiver.

An ALJ is required to consider impairments a claimant says he has or about which the ALJ receives evidence, even if he did not claim them in his disability application or at his hearing. *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004); *see also Gaston v. Astrue*, No. 10 C 7447, 2011 WL 6338806, * 8 (N.D. Ill. Dec. 16, 2011). "While . . . the burden of proof [is] on Plaintiff to show that he meets a listing, [the Seventh Circuit] also requires that the ALJ must give more than a 'perfunctory analysis' of the listing he is considering." *Sarantinos v. Astrue*, 10-CV-1196, 2011 WL 2533803 (C.D. Ill. June 27, 2011) (citing *Ribaudo v. Barnhart*, 458 F.3d 580, 583-84 (7th Cir. 2006)).

It is clear that evidence regarding A. D. B.'s disruptive behavior disorder was before the ALJ, because he found that diagnosis to qualify as a severe impairment. (Filing No. 13-2, at ECF p. 20). Thus, the ALJ was required to give more than a perfunctory analysis of listing 112.08 (personality disorders). Although, he is not required to name the specific listing, the court must be able to determine that the ALJ considered that listing. *See Rice v. Barhart*, 384 F.3d 363, 369-70 (7th Cir. 2004). Because the ALJ did not name the listing and did not mention the requirements for that listing, the court cannot conclude that the ALJ analyzed the listing. Therefore, the court cannot find substantial evidence supported the ALJ's conclusion that A. D. B. did not meet a listing. As such, the court adopts this portion of the Magistrate Judge's report and recommendation and remands the case for the ALJ to consider whether A. D. B. meets the elements for listing 112.08.

## C. Functional Equivalence Analysis

As another reason for remand, the Magistrate Judge concluded that the ALJ erred in evaluating the "functional equivalence" in A. D. B.'s case by dismissing evidence from A. D. B.'s first grade teacher, Ms. Ofengender, specifically a one-page report where Ms. Ofengeder marked the ability level of A. D. B. in comparison to other seven and eight year olds. Functional equivalence is the determination of whether an impairment or combination of impairments functionally equals the listing. To make this determination, the ALJ assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). In making the assessment, the ALJ must compare how appropriately, effectively and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments. *See* 20 C.F.R. § 416.926a(b)(2). To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a(d).

A marked limitation "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities. . . . 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.'" *See* 20 C.F.R. § 416.926a(e)(2)(i). An extreme limitation is defined as "when [the claimant's] impairment(s) interferes very seriously with [his] ability to independently initiate, sustain,

or complete activities. . . . 'Extreme' limitation also means a limitation that is 'more than marked.' [It] is the rating [the Commissioner] gives to the worst limitations. However, extreme limitation does not necessarily mean a total lack or loss of ability to function." *See* 20 C.F.R. § 416.926a(e)(3)(i).

In determining that A. D. B. did not have a condition that is the functional equivalent of a listing, the ALJ found that A. D. B. had: (1) less than marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; and (5) no limitation in the ability to care for himself. A. D. B. alleges that remand is appropriate for the first, second, and fourth domains because the ALJ did not consider Ms. Ofengender's report to the contrary.

Ms. Ofengender, placed an "x" in the blanks indicating that A. D. B. had extreme limitations in acquiring and using information, marked limitations in attending and completing tasks, and marked limitations in moving about and manipulating objects. (Filing No. 13-9, at ECF p. 87). The Magistrate Judge found that the ALJ discussed Ms. Ofengender's findings, but did not offer any reason to reject her report. The Commissioner objects because the ALJ noted that the teacher did not cite any examples to support her conclusion. Additionally, the Commissioner claims that the ALJ supported his conclusion with substantial evidence throughout the record.

1. **Acquiring and Using Information**

The first contested domain is acquiring and using information, which measures how a claimant acquires or learns information and how well the claimant uses the

information he has learned. *See* 20 C.F.R. § 416.926a(g). Ms. Ofengender indicated that A. D. B. has extreme limitations in acquiring and using information. In support she wrote that A. D. B. "has difficulty acquiring and processing information." On the other hand, the ALJ found that A. D. B. has less than marked limitations. To support his finding, the ALJ relied on statements by A. D. B.'s kindergarten teacher, his IQ score, the lack of special accommodations in school, and his mother's report that his grades are good. The ALJ acknowledged that Ms. Ofengender found an extreme limitation in this category, but also noted that his grade report issued by her just a month earlier indicated that A. D. B. works independently and fulfills his responsibilities. On the grade report, she noted that A. D. B. is beginning to remember basic sight words and able to decode others. Finally, she wrote that he tries hard in school but frequently needs assistance.

The ALJ did not give any specific reasons for rejecting Ms. Ofengender's indication. The court could speculate that the ALJ found it to be inconsistent with other evidence in the record; however, the court cannot find a logical bridge without the ALJ ruling out the possibility that A. D. B.'s school performance was worsening. As such, the court agrees with the Magistrate Judge and remands this issue to the ALJ. On remand, the ALJ should also consider the April 20, 2012, school evaluation placing A. D. B. into special education.[3]

---

[3] The court notes that this evidence was not before the ALJ at the time of the hearing and his decision. At the time the claim was submitted to the ALJ, A. D. B. was not placed in special education classes.

## 2. Attending and Completing Tasks

Next, A. D. B. challenges the ALJ's conclusion regarding the domain of attending and completing tasks. This domain measures how well a claimant is able to focus and maintain his attention, and how well he begins, carries through, and finishes his activities, including the pace at which he performs activities and the ease with which he changes them. *See* 20 C.F.R. § 416.926a(h). The ALJ concluded that A. D. B. had no limitation, despite Ms. Ofengender's indication in November of 2011 that he had marked limitations. In making this finding, the ALJ evaluated Ms. Ofengender's report in October of 2011, which stood in stark contrast to her determination that he had marked impairments in this area just one month later. In October of 2011, Ms. Ofengender indicated that "in the classroom he is attentive, follows directions, organizes himself and his materials, works neatly, works independently, stays on tasks, fulfills responsibilities, has necessary materials, seeks help in an appropriate manner, participates in discussion, and participates in activities." (Filing No. 13-2, citing Exhibit 20F, p. 5). The ALJ further discounted Ms. Ofengender's second report because "she did not cite any specific examples to support [the] statement."

The court finds that the inconsistencies coupled with an absence of supporting examples to be a sufficient reason to reject Ms. Ofengender's conclusion. The court agrees with the Commissioner that the ALJ supported his finding with substantial evidence, and disagrees with the Magistrate Judge that consideration to this domain was inadequate. Therefore, the court declines to adopt the Magistrate Judge's report and recommendation on this issue and affirms the ALJ's finding.

### 3. Moving About and Manipulating Objects

Finally, A. D. B. disputes the ALJ's findings regarding the domain of moving and manipulating objects. This domain measures how the claimant moves his body from one place to another and how he moves and manipulates things; in other words, it measures gross and fine motor skills. *See* 20 C.F.R. § 416.926a(j). The ALJ found that A. D. B. has no limitation in this domain, while Ms. Ofengender's report indicated he had a marked limitation. Again, she did not provide any examples or reasons for this conclusion. The ALJ did not acknowledge Ms. Ofengender's conclusion in his finding that A. D. B. had no limitation in this area; however, he discussed the mother's testimony that A. D. B. had to walk when the other children ran. Because the ALJ discussed facts that were both favorable and unfavorable to his conclusion, the court cannot find that he cherry picked facts, but was within his bounds to not recite every piece of evidence before him. Therefore, the court disagrees with the Magistrate Judge's report and recommendation and affirms the ALJ.

### IV. Conclusion

The court finds that the ALJ failed to build the requisite logical bridge between the evidence and conclusions in evaluating Listings 103.03(C) and 112.08. Additionally, the ALJ needs to reconsider A. D. B.'s limitations in the domain of acquiring and using information, but not the domains of attending and completing tasks and moving about and manipulating objects. Therefore, the court **ADOPTS in part and REJECTS in part** the Magistrate Judges' report and recommendation (Filing No. 34) remanding the case. The record does not compel a conclusion that A. D. B. is entitled to benefits, but

rather the ALJ has not adequately discussed the evidence contrary to his conclusions. On remand, the ALJ should consider all of the evidence in the record, including the new evidence that A. D. B. is enrolled in special education.

**SO ORDERED** this 26th day of September 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.